1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ANGELEAN THIGPEN,
                                       No. CIV S-09-1521 EFB
11              Plaintiff,

12        vs.

13   MICHAEL J. ASTRUE, Commissioner
     of Social Security,
14
                Defendant.              ORDER
15   _____/

16        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

17   ("Commissioner") denying her application for Supplemental Security Income ("SSI") under

18   Title XVI of the Social Security Act.  For the reasons discussed below, the court grants

19   plaintiff's motion, denies defendant's motion, and remands the case for further proceedings.

20   I.  BACKGROUND

21        Plaintiff applied for SSI on February 24, 2006, alleging disability beginning April 1,

22   2001.  Administrative Record ("AR") 12.  Plaintiff's application was denied initially and upon

23   reconsideration, and plaintiff requested an administrative hearing.  *Id*.  On December 12, 2007, a

24   hearing was held before administrative law judge ("ALJ") Laura Speck Havens.  AR 21.

25   Plaintiff was represented by counsel at the hearing.  AR 12.

26   ////

1

The ALJ issued a decision on June 6, 2008, finding that plaintiff was not disabled.[1]  AR 12-21.  The ALJ made the following specific findings:

> 1.  The claimant has not engaged in substantial gainful activity since February 24, 2006, the application date (20 CFR 416.920(b) and 416.971 *et seq*.).
>
> 2.  The claimant has the following severe impairments: back impairment, arthritis of the bilateral hands and possible carpal tunnel syndrome of the right hand and depression (20 CFR 416.920(c)).
> . . .
>
> A psychiatric evaluation on November 14, 2007 stated diagnoses of schizoaffective disorder, post traumatic stress disorder and borderline intellectual functioning, rule out borderline personality disorder.  Mental status testing showed a depressed mood with constricted affect.  The claimant's though[t] process, however, was logical and goal oriented and there were no loose associations or mood swings and no emotional lability.  She did report auditory hallucinations after dark.  The claimant was alert and oriented with impaired memory, intact abstractions and below average intelligence.  Her memory was impaired, insight was fair and

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. § 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits under both programs. *See* 20 C.F.R. §§ 404.1520, 404.1571-76,  416.920 and 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828, n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Bowen*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

judgment was poor.  (9F/1-11).

A second psychiatric evaluation on April 14, 2008 stated diagnoses of depression, not otherwise specified, rule out history of marijuana use, rule out history of alcohol abuse, medical factors affecting the psychological state, rule out borderline personality traits and rule out borderline intellectual functioning.  The consultative examiner stated that the claimant was experiencing some depressive symptoms largely in reaction to changes in health. She displayed decreased stress tolerance, emotionality and frustration as well as some change in initiative, energy and concentration.  She did not display memory impairment and denied hallucinations (10F).

3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment.

The claimant's mental impairment does not meet or medically equal the criteria of listing 12.04 . . . .

In activities of daily living, the claimant has mild restriction.  In social functioning, the claimant has moderate difficulties.  With regard to concentration, persistence, or pace, the claimant has moderate difficulties.  As for episodes of decompensation, the claimant has experienced no episodes of decompensation.

. . .

4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she should bend or stoop only occasionally.  The claimant retains the ability to understand, remember and carry out simple job instructions.  She has a fair ability to respond appropriately to supervisors, co-workers and the public and a fair ability to respond appropriately to usual work stress.

. . .

As for the opinion evidence, the undersigned gives substantial weight to the assessments of the consultative examiners and State Agency medical consultants to the effect that the claimant can perform simple, repetitive tasks at the light exertion level with occasional postural limitations (2F, 3F, 6F, 10F).  These assessments are wholly consistent with the weight of the evidence of record and rendered by physicians who are experts in the

evaluation of the medical issues in disability claims under the Social Security Act.  The undersigned does, however, discount the need to take a break from sitting every thirty minutes as detailed in the December 29, 2005 evaluation (2F).  The medical evidence of record does not support the need for this limitation and it is apparently based on the claimant's subjective allegations which the undersigned finds less than credible.  There is also little support for the conclusion that the claimant be limited to occasional climbing, balancing, kneeling, crouching or crawling (6F/3).

The undersigned gives little weight to the November 14, 2007 assessment of Les Kalman, M.D., to the effect that [claimant] has marked limitations in the ability to respond appropriately to supervisors (9F/10).  It is emphasized that the claimant underwent the examination that formed the basis of the opinion in question not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an attempt to generate evidence for the current appeal.  Further, the doctor was presumably paid for the report.  Although such evidence is certainly legitimate and deserves due consideration, the context in which it was produced cannot entirely be ignored.  In this instance, however, the assessment is internally inconsistent as the findings on examination do not support the severity of the limitations imposed.

5.  The claimant has no past relevant work (20 CFR 416.965).

. . .

6.  The claimant was born on May 8, 1964 and was forty-one years old, which is defined as a younger individual 18-49, on the date the application was filed (20 CFR 416.963).

7.  The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8.  Transferability of job skills is not an issue in this case because the claimant has no past relevant work (20 CFR 416.968).

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.960(c) and 416.966).

. . .

The claimant has a mental impairment . . . .

. . . The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to

respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited occupational base (Social Security Ruling 85-15).

In this instance, the claimant retains the ability to understand, remember, and carry out simple job instructions and can respond appropriately to supervisors, co-workers, the public and usual works [sic] stress. In fact, given the inconsistencies in her responses to physicians, the undersigned has given claimant every benefit of the doubt and it is likely that her functional capacity exceeds the limitations determined herein.

10. The claimant has not been under a disability, as defined in the Social Security Act, since February 24, 2006, the date the application was filed.

AR 12-20.

Plaintiff requested review by the Appeals Council, which was denied on April 7, 2009, AR 5, leaving the ALJ's decision as the final decision of the Commissioner.

Plaintiff filed the instant complaint on June 3, 2009, contending that the ALJ erred in determining that she is not disabled because (1) although the ALJ gave substantial weight to Dr. Wong's consultative assessment, she failed to explain why she was not crediting parts of Dr. Wong's opinion; (2) the ALJ erred in mechanically relying on the Medical Vocational Guidelines despite her own finding that plaintiff suffers from moderate concentration and moderate social functioning limitations and would only have a "fair" ability to respond appropriately to supervisors, coworkers and the public and a "fair" ability to respond to work stress; and (3) the ALJ failed to articulate specific and legitimate reasons for discrediting two other doctors' opinions as to plaintiff's limitations. Dckt. No. 20 at 4.

II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

1  *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

2  180 F.3d 1094, 1097 (9th Cir. 1999).

3  　　　The findings of the Commissioner as to any fact, if supported by substantial evidence, are

4  conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

5  more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521

6  (9th Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to

7  support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol.*

8  *Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

9  　　　"The ALJ is responsible for determining credibility, resolving conflicts in medical

10  testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

11  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

12  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

13  *Thomas v. Barnhart*, 278  F.3d 947, 954 (9th Cir. 2002).

14  III.  <u>ANALYSIS</u>

15  　　　Plaintiff contends that although the ALJ claimed that she gave substantial weight to Dr.

16  Wong's consultative assessment, she failed to explain why she did not credit his opinion that

17  plaintiff was markedly limited in making judgments on complex work-related decisions, in

18  interacting appropriately with the public, in responding appropriately to usual work-related

19  situations and changes in a routine work setting, and moderately limited in other work areas.

20  Dckt. No. 20 at 10-14.

21  　　　The ALJ found that plaintiff had the RFC to perform light work except she should bend

22  or stoop only occasionally, as she "retains the ability to understand, remember and carry out

23  simple job instructions . . . [and] has a fair ability to respond appropriately to supervisors, co-

24  workers and the public and a fair ability to respond appropriately to usual work stress."  AR 16.

25  The ALJ wrote that she gave "substantial weight to the assessments of the consultative

26  examiners and State Agency medical consultants to the effect that the claimant can perform

1    simple, repetitive tasks at the light exertion level with occasional postural limitations[; t]hese

2    assessments are wholly consistent with the weight of the evidence of record and rendered by

3    physicians who are experts in the evaluation of the medical issues in disability claims under the

4    Social Security Act." *Id.*

5    At the hearing the ALJ stated that she would send plaintiff for a psychiatric evaluation

6    "because I have so little in my file about that."  AR 315.  The ALJ did not discuss Dr. Wong's

7    opinions explicitly, but listed his report as one of the assessments she was crediting.  AR 16.

8    Dr. Wong examined plaintiff on April 14, 2008.  His report states, in part:

9    
10   Behavior: The claimant was found to be irritable and easily upset.
     She swears repeatedly and uses vulgarity repeatedly and then says
     "excuse my language."  She also gets easily frustrated when too
     many details are asked of her . . . .

11   
12   Insight and Judgment: Insight and judgment is fair for how
     emergency situations would be handled.  Responses are logical,
     though simpl[e.]

13   
14   Attention and concentration: Attention is fairly good.  She listens
     to all questions and tends to offer straight forward answers.
15   Concentration is mildly diminished and she gets easily frustrated.
     She was able to spell world forwards and then backwards slowly
16   after a few attempts.  Her digit span was 5 forwards.  After several
     different questions she started to get annoyed with further mental
     status testing and further testing was deferred.

17   
18   Memory: memory registration was 3 of 3 which she registered on
     the first attempt.  Recall was not provided when I asked her what
     the three objects were, she said "I just told you!"  Her frustration
19   level at this point was pretty high and the memory test was
     deferred because of this . . .

20   
21   Diagnosis and prognosis:
     Axis 1: Depression not otherwise specified . . . .  The presence or
     absence of psychotic symptoms is not supported or refuted by the
22   current assessment . . . .

23   This is a woman who is currently experiencing some depressive
     symptoms largely in reaction to changes in health.  The mood
24   disorder symptoms compound the change in functioning associated
     with her change in health.  Her ability to carry out simple
25   instructions appears to be generally intact.  Her ability to carry out
     complex instructions is decreased by her decreased stress
26   tolerance, her propensity for emotionality and getting upset and

7

then having to stop because of frustration.  Her ability to maintain
an adequate pace and level of endurance over an eight-hour
workday is at least moderately impaired by this same loss of
frustration and tolerance due to her depression.  Furthermore, there
does seem to be some change in initiative, energy, and
concentration to a mild to moderate degree which further impaired
her ability to maintain an adequate pace.  Her ability to relate to
coworkers in the public is at least moderately impaired.  She was
unable to talk with me for more than 5 to 10 minutes without
getting frustrated.  Her ability to take directions from a supervisor
is at least moderately impaired for this same reason.  The
probability of functional deterioration due to typical workplace
stressors is felt to be elevated by these same psychiatric factors.
Her ability to adapt to changes in workplace is at least moderately
impaired by the psychiatric factors.  Ms. Thigpen is currently
capable of staying consistently aware of safety issues in the
workplace . . . .

AR 289-91.  Dr. Wong also filled out a "Medical Source Statement of Ability to do Work-

Related Activities (Mental)."  AR 292.  He wrote that plaintiff was mildly impaired in her ability

to carry out simple instructions and make judgments on simple work-related decisions;

moderately impaired in her ability to carry out complex instructions; and markedly impaired in

her ability to make judgments on complex work-related decisions.  *Id.*  He also wrote that

plaintiff was markedly impaired in her ability to interact with the public and to respond

appropriately to usual work situations and to changes in a routine work setting, and was

moderately impaired in her ability to interact appropriately with her coworkers and supervisors.

AR 293.

    An ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

opinion of an examining physician.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  Even if

the examining physician's opinion is contradicted by another doctor, it can only be rejected for

specific and legitimate reasons that are supported by substantial evidence in the record.  *Id.* at

830-31.

    In this case, the ALJ actually purported to afford "substantial weight" to Dr. Wong's

opinions.  But her finding, that plaintiff "has a fair ability to respond appropriately to

supervisors, co-workers and the public and a fair ability to respond appropriately to usual work stress," is directly contradicted by Dr. Wong's opinions.

The ALJ provided no reasons for rejecting Dr. Wong's opinions.  The ALJ summarized parts of Dr. Wong's report in the section of her opinion addressing plaintiff's severe impairments, but as plaintiff points out, there is no indication in the ALJ's opinion that she considered Dr. Wong's separate medical source statement.  *See* AR 15.  The error in failing to address Dr. Wong's opinions is compounded by the specific acknowledgment in the ALJ opinion that plaintiff might be found disabled if she had a substantial loss of ability to comply with the mental demands of a job.  *See* AR 20.

The court concludes that the ALJ's failure to acknowledge, discuss and provide proper reasons for rejecting Dr. Wong's opinions that plaintiff had marked and moderate restrictions in her ability to work fatally undermines the conclusion that plaintiff was not disabled during the period at issue.  As the action must be remanded for further consideration, the court does not address plaintiff's other arguments.

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment and/or remand is granted;

2.  The Commissioner's cross-motion for summary judgment is denied;

3.  This case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings and findings consistent with this order; and

4.  The Clerk is directed to enter judgment for plaintiff.

DATED:  September 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE